### BOLT v. GRAY.

PLEADING—CAUSE OF ACTION—DEMURRER.—A COMPLAINT stating a good cause of action on a note should not be dismissed on demurrer, because it also states evidentiary matter, which might entitle plaintiff to only equitable relief.

Before TOWNSEND, J., Laurens, October term, 1898. Reversed.

Action on note by John F. Bolt, as clerk of court, administrator *de bonis non,* with will annexed, of Jane Fleming *v.* William L. Gray, on following complaint:

I. That heretofore, to wit: on the 3d day of October, 1882, the defendant, William L. Gray, Robert Gray, Joseph H. Sullivan and Albert Dial, made their joint and several promissory note, whereby they, or either of them, promised to pay, one day after the date thereof, to Jane Fleming, the sum of $550, with interest from date.    II. That the said Jane Fleming died testate on or about the 28th day of May, 1892, seized and possessed of real and personal property, and that J. H. Wharton, as clerk of the Court of Common Pleas for Laurens County, administered on her estate, with the will annexed.    III. That before the said J. H. Wharton had fully administered the said estate his term of office as such clerk of the court expired, and this plaintiff was duly elected to, and took charge of the said office on the

24th day of December, 1896, as successor therein to the said
J. H. Wharton, and that thereupon the administration of
the said estate was transmitted to him "by virtue of such
succession in office." IV. That the defendant, William L.
Gray, at different times paid various sums upon the said
debt, to the said Jane Fleming in her lifetime, as follows, to
wit: 5th November, 1883, $40; 13th October, 1884, $40; 7th
October, 1885, $40; 5th October, 1886, $40; 30th September, 1887, $40; 29th September, 1888, $20; 12th November,
1888, $20; 14th January, 1889, $65; 26th June, 1889, $25;
25th October, 1889, $32; 13th January, 1891, $7.41; 1st
October, 1891, $38; 4th January, 1892, $50. V. That
after the expiration of six years from the date or maturity
of said note, the said defendant, William L. Gray, on the 7th
day of April, 1893, paid to the said J. H. Wharton, as administrator aforesaid, the sum of $44.35 on the said debt,
and thereby, in consideration of the moral obligation resting
upon him to do so, promised anew to pay the balance due,
and thereafter to become due, as principal and interest, upon
the said debt. VI. That on the 1st day of December, 1896,
the said defendant, William L. Gray, and the said J. H.
Wharton, as administrator as aforesaid, undertook to have a
settlement of the said debt, when the said defendant, William L. Gray, made a calculation whereby he found the sum
of $258.25 as the amount then due, which said sum he, the
said defendant, William L. Gray, paid on that day to the said
J. H. Wharton, as administrator aforesaid, who, relying
upon the calculation made by defendant as correct, delivered
said note to said defendant, who now has possession of same,
and refuses to exhibit it to the attorneys for this plaintiff.
VII. That a mistake was made by the said defendant, William L. Gray, as to the correct mode of calculation, and
thereby a mistake was made as to the true amount due on
the said debt on the 1st of December, 1896, as by a proper
calculation it will be found that the true amount then due
was $530.49, and after the said payment of the sum of
$258.25 by said defendant as aforesaid, there remained due

the sum of $272.24, which said sum is still due, unpaid and owing upon the said debt, with interest thereon from the 1st of December, 1896, under and by virtue of the new promise aforesaid. Wherefore, plaintiff demands judgment against the defendant for the sum of $272.24, with interest thereon from the 1st day of December, 1896, and for the costs and disbursements of this action.

From judgment dismissing complaint, plaintiff appeals.

*Messrs. Simpson & Barksdale,* for appellant, cite: 18 S. C., 502; 53 S. C., 95.

*Messrs. Ball & Simkins,* contra, no citations.

January 6, 1899. The opinion of the Court was delivered by.

MR. JUSTICE GARY. The appeal herein is from an order of his Honor, D. A. Townsend, sustaining a demurrer to the complaint, a copy of which complaint will be set out in the report of the case. In sustaining the demurrer, his Honor says: "The complaint alleges that there was a settlement had of the matter between the defendant and the plaintiff's predecessor in office, and the note delivered up as paid. This is an action on a note on the law side of the Court before a jury. If there were such fraud or mistake in the settlement, set out in the complaint, as that the court of equity would reopen the settlement, a bill in equity for that purpose should first be brought." The Circuit Judge was correct in saying the action was on the note, and that it was brought on the law side of the Court. *McMakin* v. *Gowan*, 18 S. C., 502; but he was in error in sustaining the demurrer. The complaint first stated a good cause of action on the note; but, as a part of the history of the case, it also stated certain evidentiary matters, which might have been struck out, on motion to make the complaint definite and certain, but did not render it subject to a demurrer. *Saunders* v. *Phelps Co.,* 53 S. C., 173, and certain cases therein cited, to which may be added the case of *Latham* v. *Harby*, 50 S. C., 428.

7—54

It is the judgment of this Court, that the order of the Circuit Court be reversed.